**A. L. CAMPBELL, Jr., Appellant,**

v.

**Max HARPER et al., Appellees.**

**No. 13877.**

Court of Civil Appeals of Texas.

Houston.

Feb. 22, 1962.

Rehearing Denied March 15, 1962.

Ellis F. Morris, William H. Scott, Jr., Houston, for appellant.

Butler, Binion, Rice & Cook, R. H. Singleton, Houston, for appellees.

COLEMAN, Justice.

This is a suit for damages for breach of a partnership contract. The trial court rendered judgment for the defendants.

On March 18, 1958, the parties to this suit entered into a written partnership agreement for a term of ten years whereby they became associated in the operation of the Melrose Pharmacy. On September 2, 1959, appellee Harper told appellant that he wanted to terminate his contract and handed appellant three checks. Appellant accepted and cashed the checks.

Appellant contends that a number of the findings of fact of the trial court are supported by no evidence, or insufficient evidence, or are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. We have, accordingly, reviewed all of the evidence and have concluded that the findings are properly supported by probative evidence and we cannot say that the findings are so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. In re King's Estate, 1951, 150 Tex. 662, 244 S.W.2d 660.

Appellant Campbell testified:

"Q So you understood at that time his purpose in talking with you was to terminate and settle out your relationship with Melrose Pharmacy?

"A Yes, sir, that is what I concluded.

"Q Your understanding of his purpose was to terminate your relationship with Melrose Pharmacy, and he did give you some checks, did he not?

"A He gave me the checks about the same time.

"Q While the two of you were talking?

"A There wasn't anything said except he said, 'I want to terminate your contract'.

"Q You understood at that time that what he wanted to do was to settle out your contract with Melrose Pharmacy?

"A Yes, sir.

"Q And as a result of that, he gave you some checks?

"A Yes, sir."

Appellee Harper testified:

"Q What was your purpose in giving the three checks to Mr. Campbell?

"A To conclude our relationship, our business relationship completely."

This testimony, together with the undisputed facts concerning tender and acceptance of the checks, supports the defense of compromise and settlement pled by appellee.

"An enforceable agreement of compromise requires an offer to compromise, a meeting of the minds of the parties, and an unconditional acceptance within the time and on the terms offered. There must also have been a dispute as to the amount of the claim.

"Consideration is essential to the existence of a valid and binding contract of compromise and settlement, and the courts will not inquire into the adequacy of the consideration. * * *" (12 Tex.Jur.2d, Compromise and Settlement, §§ 5, 6, p. 290.)

Appellant contends that there was no meeting of the minds of the parties and no consideration. These contentions cannot be sustained. The court properly implied an offer on the part of Harper to compromise all matters in dispute concerning the partnership, and an acceptance of such offer by Campbell. The testimony shows that both parties were well acquainted with the financial condition of the business. Campbell received a check for his share of undivided profit, and another for salary, from the partnership funds, and the sum of $2982.42 of Harper's personal funds in payment for his interest in the partnership. The transaction was supported by valuable consideration.

Other points were raised by appellant, but, in view of the disposition made of the points discussed, they fail to disclose reversible error.

Affirmed.